ADELA SÁRRAGA, Plaintiff and Appellee, *v.* JUSTINO VILLALOBOS, Defendant and Appellant.

No. 8375. Argued April 14, 1942.—Decided April 24, 1942.

*Francisco Navarro Mendín* for appellant. *Benicio Sánchez Castaño·* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

After the bonds of matrimony existing between Justino Villalobos and Adela Sárraga had been dissolved without the judgment of divorce making any disposition of the community property acquired during the marriage, on June 17, 1939, Adela Sárraga filed, in the District Court of San Juan, a complaint in which she alleged that subsequent to her marriage to Villalobos, the latter built with funds belonging to the conjugal partnership a concrete house valued at $3,000. Plaintiff prayed for a liquidation of the community property.

The defendant answered and alleged that the house had been built by him with his own funds and while he was unmarried, and that the only property acquired during the marriage was the household furniture, valued at $1,500, which he transferred to the plaintiff after the divorce had been decreed.

The lower court rendered judgment ordering the liquidation sought and directing that the house described in the complaint should be included in the inventory as community property.

Feeling aggrieved by that decision, the defendant took the present appeal. He urges that the lower court erred:

"1. In finding that the marriage between the parties had taken place twelve days after the approval of the project for the construction of the house.

"2. In finding that the house had not been built before the marriage between the parties.

"3. In failing to take into account the circumstance that the construction of the house in controversy had been commenced before the celebration of the marriage and with funds belonging exclusively to the defendant-appellant."

We will consider the three assignments together, as all of them relate to the weighing of the evidence by the lower court and involve a single question, that is, whether or not the house, the subject matter of this suit, was constructed during the marriage which existed between the defendant-appellant and the plaintiff-appellee.

 The district court, after examining the evidence for both parties, made the following findings:

"That on January 16, 1933, the Homestead Division leased to the defendant lot No. 77 on Street 10, Barrio Obrero, said lot having an area of 207.94 sq. meters (Plaintiff's Exhibit 2); that on March 1, 1933, the Commissioner of the Interior and the Chairman of the Homestead Commission approved the project for the construction of a concrete house by the defendant on said lot, which project was also approved by the Department of Health on March 27, 1933. (Plaintiff's Exhibit 1 and Defendant's Exhibit A.)

"In view of such a documentary evidence, we can not accord any credit to the testimony of the defendant and of his witness, Agustín Ríos, tending to show that the house in controversy had been constructed before the marriage between the plaintiff and the defendant, which took place twelve days after the plans for the construction of said house had been approved by the Department of Health.

"It was established by the evidence that the plaintiff and the defendant lived in concubinage before they contracted marriage; that it took four months to built the house; and that the same is now worth not less than $2,500. Answering questions put by the court, the defendant stated that he had built said house as a dwelling for himself and the plaintiff; that he contracted marriage with the plaintiff on April 8, 1933, when the house had already been finished, but that he did not go to live in it until two months after his marriage. We find more worthy of belief the testimony of the plaintiff to the effect that when they went to live in the house the same had not been finished; that its construction had been commenced two months previously, and that said construction had been started after she had contracted marriage with the defendant.

"If the defendant was building the house in order to go and live in it with the plaintiff, why wait two months after they were married and almost three months after the house had been finished before moving into it? The answer to that question does not require much thought; all the delay was due to the fact that the house had not been constructed before the marriage which existed between the plaintiff and the defendant.

"After examining the whole evidence introduced by the parties, we reach the conclusion that the house involved in these proceedings is community property acquired during the existence of the marriage between the plaintiff and the defendant and is valued at $2,500; that out of the personal property belonging to the conjugal partnership the plaintiff has received property to the amount of $2,000; and that said conjugal partnership has not been liquidated. This being so, it is proper to render judgment decreeing the liquidation of the conjugal partnership existing between the plaintiff and the defendant, in which liquidation there should be included as property belonging to the conjugal partnership, the house which is described in the complaint."

After a careful examination of the evidence, we must hold that that introduced by the plaintiff, to which the trial court accorded full credit, was sufficient to justify the findings of fact on which the judgment appealed from was based. According to the testimony of the plaintiff, when she and Villalobos contracted marriage, they went to live in the house of a friend; that the construction of the house in controversy was begun in April, 1933, when they were already married; before contracting marriage with Villalobos the plaintiff had lived with him, while she worked in the office of the Board of Elections; she accumulated some savings and delivered to him a part of her funds, about $400, for the purpose of starting the construction of the house which was begun and finished when they were already married; and that they moved into the house long before the same had been finished.

The evidence for the defendant as to the origin of the funds used, to which the trial court gave no credit, was insufficient to overcome the legal presumption that a house

acquired through construction during the marriage is community property.

The testimony of the defendant is in open conflict with that of the plaintiff. Since such conflict has been adjusted in favor of the plaintiff, and since the lower court is not charged with passion, prejudice, or partiality in the weighing of the evidence, the judgment appealed from must be affirmed.